IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES A. PETTIT, SR., as the PETSONAL REPRESENTATIVE of the ESTATE OF CHARLES A. PETTIT, JR., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-16-1484-M |
| JAMES HILL, individually, | ) ) ) | |
| Defendant. | ) | |

# ORDER

Before the Court is plaintiff's Motion to Strike, filed March 21, 2017. On April 10, 2017, defendant filed his response, and on April 12, 2017, plaintiff filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

On December 30, 2016, plaintiff filed this action against defendant alleging that defendant violated the civil rights of plaintiff's son, Charles A. Pettit, Jr.[1] On March 1, 2017, defendant filed his Amended Answer to Plaintiff's Complaint. In his amended answer, defendant raises a number of affirmative defenses. Plaintiff now moves to strike the following affirmative defenses asserted by defendant: (1) judicial estoppel, collateral estoppel and/or res judicata (paragraph 6); (2) improper claim splitting (paragraph 7); (3) plaintiff's damages and the death of Charles Pettit, Jr. were the sole result of Charles Pettit, Jr.'s own misconduct, malfeasance and/or negligence

---

[1] Plaintiff has also brought suit against the City of Midwest City, Oklahoma in the Oklahoma County District Court ("State case"). In the State case, plaintiff alleges a cause of action based on negligence and a cause of action for unreasonable search and seizure and excessive force under the Oklahoma constitution.

(paragraph 9); (4) reservation of right to amend answer (paragraph 11); (5) assumption of risk by Charles Pettit, Jr. (paragraph 12); and (6) self-defense (paragraph 13).

II. Discussion

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a portion of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored. *See Colo. Milling & Elevator Co. v. Howbert*, 57 F.2d 769 (10th Cir. 1932) (observing that courts should proceed with extreme caution in striking a pleading). While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court. *See Scherer v. United States Dep't of Educ.*, 78 Fed. App'x 687, 689 (10th Cir. 2003). Further, while the Tenth Circuit has not ruled on whether *Twombly* and *Iqbal* apply to pleading affirmative defenses, this Court has ruled that they do apply. *See Burget v. Capital W. Secs., Inc.*, Case No. CIV-09-1015-M, 2009 WL 4807619 (W.D. Okla. Dec. 8, 2009). The Court, therefore, finds that the affirmative defenses at issue in this case must satisfy the pleading standards set forth in *Twombly* and *Iqbal*.

A. Judicial estoppel, collateral estoppel, and/or res judicata

Plaintiff asserts that defendant has pled a conclusory defense of judicial estoppel, collateral estoppel and/or res judicata. Plaintiff further asserts that no facts are pled to show the application of such a defense, nor are any discernible, other than the existence of the State case against the City of Midwest City. Plaintiff, therefore, asserts that this defense should be stricken because defendant has not set forth sufficient facts to show that such defense is applicable and that there is no possibility of the defense being legally viable. Defendant contends that these defenses are all potentially applicable to this matter. Specifically, defendant contends that if, in the State case,

plaintiff takes factual positions inconsistent from those taken in this case, he may be judicially estopped from asserting otherwise in this litigation. Further, defendant contends that if it is determined that there was no excessive force used or that there was no negligence by defendant in the State case, such a finding would result in defensive, non-mutual collateral estoppel (issue preclusion) against plaintiff in this case.

Having carefully reviewed the parties' submissions, as well as defendant's amended answer, the Court finds that defendant has sufficiently pled the affirmative defense of judicial estoppel, collateral estoppel, and res judicata. Additionally, the Court finds that there is clearly a possibility that this defense is legally viable. Accordingly, the Court finds that defendant's judicial estoppel, collateral estoppel, and res judicata affirmative defense should not be stricken.

B. Improper claim splitting

Plaintiff asserts that defendant has pled a conclusory defense of splitting a cause of action and there is no defense of splitting different causes of action except as a form of judicial estoppel. Plaintiff further asserts there is no res judicata because of the differences in legal issues and an unsuccessful Fourth Amendment claim would not foreclose a negligence claim for excessive force. Plaintiff, therefore, asserts that this defense should be stricken because there is no potential legal basis to support it. Defendant contends that if a judgment is rendered in the State case, that judgment could very well preclude further litigation in this matter as an improper splitting of a cause of action.

"The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). Having carefully reviewed the parties' submissions, as well as defendant's amended answer, the Court finds that there is a potential legal basis to support defendant's improper claim

3

splitting defense and, thus, this affirmative defense in not clearly a legally insufficient defense. Additionally, the Court finds defendant has sufficiently pled this defense. Accordingly, the Court finds that defendant's improper claims splitting defense should not be stricken.

    C.    <u>Contributory negligence</u>

Plaintiff contends that defendant's defense set forth in paragraph 9 is essentially one of contributory negligence and contributory negligence is not available as a defense because it does not apply to intentional torts such as civil rights violations. Plaintiff, therefore, contends that this defense should be stricken because it is legally unavailable. Defendant asserts that this defense is more general than a simple plea of contributory negligence and was meant to place plaintiff on notice that the conduct of Charles A. Pettit, Jr. caused and contributed to his injury and death. Defendant further asserts that even if contributory negligence is not given as a formal jury instruction at trial, Charles A. Pettit, Jr.'s conduct and his own fault is relevant and admissible.

"Comparative negligence is not applied in suits for violations of federal constitutional rights under § 1983." *Quezada v. Cty. of Bernalillo*, 944 F.2d 710, 721 (10th Cir. 1991). The Court, thus, finds that defendant's contributory negligence defense is legally unavailable and should be stricken. However, the Court finds evidence regarding Charles A. Pettit, Jr.'s conduct is relevant and admissible in this case.

    D.    <u>Reserved right to amend and assumption of risk</u>

In his response, defendant states that he does not object to the striking of these two affirmative defenses. Accordingly, the Court finds that the reserved right to amend (paragraph 11) and assumption of risk (paragraph 12) affirmative defenses should be stricken.

E.  Self-Defense

Plaintiff asserts that this defense is not applicable to a constitutional excessive force claim and that this defense, accordingly, should be stricken because it is legally insufficient. Defendant contends that this affirmative defense is intended to place plaintiff on notice that defendant contends he acted in self-defense. Self-defense is not a defense to a constitutional excessive force claim. *See Miller v. Taylor*, 877 F.2d 469, 472 (6th Cir. 1989) (holding self-defense instruction would be error). Accordingly, the Court finds that defendant's self-defense affirmative defense is legally unavailable and should be stricken. However, the Court finds evidence regarding Charles A. Pettit, Jr.'s compliance and/or any threat he posed is relevant and admissible in this case.

III.  Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion to Strike [docket no. 13] as follows:

(A)  The Court GRANTS the motion to strike as to the following affirmative defenses: (1) contributory negligence (paragraph 9), (2) reserved right to amend (paragraph 11), (3) assumption of the risk (paragraph 12), and (4) self-defense (paragraph 13) and STRIKES these affirmative defenses, and

(B)  The Court DENIES the motion to strike as to defendant's judicial estoppel, collateral estoppel, and/or res judicata affirmative defense and defendant's improper claim splitting affirmative defense.

**IT IS SO ORDERED this 21st day of April, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

5