IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES A. PETTIT, SR., as the PERSONAL REPRESENTATIVE of the ESTATE OF CHARLES A. PETTIT, JR., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-16-1484-M |
| JAMES HILL, individually, | ) ) ) | |
| Defendant. | ) | |

# ORDER

Before the Court is defendant's Motion to Exclude James K. Appleton, filed August 1, 2018. On August 9, 2018, plaintiff filed his response, and on August 16, 2018, defendant filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

On October 5, 2015, Charles A. Pettit, Jr. was shot and killed by defendant James Hill, a Midwest City police officer. On December 30, 2016, plaintiff filed this action against defendant, alleging that defendant violated the civil rights of his son, Charles A. Pettit, Jr. Defendant moves the Court to exclude the opinion testimony of plaintiff's apparent expert, James K. Appleton.

Mr. Appleton is a legal consultant specializing in audio and video analysis and enhancement. While plaintiff responded to defendant's discovery requests, identifying Mr. Appleton as plaintiff's sole expert and providing a report from Mr. Appleton, plaintiff did not file

an expert witness list in this case.[1] Additionally, defendant has not been able to take the deposition of Mr. Appleton.

In his report, Mr. Appleton offers the following opinions:

1. CJ did not point a gun at the officer at any point during the video.
2. When the officer first encountered CJ, CJ was in a submissive non-threating [sic] pose with both hands in the air as reflected on still image extracted and attached hereto as Exhibit A.[2]
3. In my expert opinion, nothing in the video confirms the official account of the shooting because at no point does the video depict CJ holding a gun as was reported by the Midwest Police.
4. After the initial encounter, CJ turned his back to the officer in an attempt to flee or retreat and at this point, Officer Hill can be seen in the video, grabbing his weapon and shooting CJ for the first time at 4:00:40 on October 5, 2015 in the back.
5. You have not been given a true and accurate copy of the squad car video. As noted above, the video you were provided by the Midwest Police Department was intentionally exported with no audio or the prior exported file was stripped of its audio.
6. From a review of the video, it appears that CJ did not have a gun but it was in his pants or pocket on the right side of his back. At no time did CJ pull this weapon. After being shot, CJ fell forward to the ground and the weapon depicted fell onto the street and was later kicked by another officer.
7. The video was exported at least four (4) times . . . .

Report of James K. Appleton at 2-3.

II. Discussion

Federal Rule of Evidence 702 governs the admissibility of expert testimony based upon scientific, technical, or other specialized knowledge. It provides:

---

[1] The deadline for plaintiff to file his final list of expert witnesses was July 1, 2018. Plaintiff has not sought leave of court to file his final list of expert witnesses out of time. Plaintiff has also not filed his final list of witnesses or his final exhibit list, which were also due July 1, 2018.
[2] Exhibit A to Mr. Appleton's report was not provided to defendant.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In undertaking its gatekeeping function, a court must first determine under Rule 702 whether the witness is qualified and whether the opinions expressed fall within his area of expertise. *See Graves v. Mazda Motor Corp.*, 675 F. Supp. 2d 1082, 1092-93 (W.D. Okla. 2009). "'[T]he issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question.'" *Id.* (quoting *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994)).

If the court determines the witness is qualified, it must then determine whether the expert's opinions are reliable. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court held that Rule 702 requires the trial court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999), the Supreme Court concluded that "*Daubert*'s general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." 526 U.S. at 141. With respect to the all-important reliability determination, the Supreme Court further concluded that "a trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that

testimony's reliability. But, as the Court stated in *Daubert*, the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id.* (emphasis in original).

The "*Daubert* factors" that *may* be considered in assessing the reliability of proposed expert testimony are: (1) whether the theory or technique employed by the expert in formulating his expert opinion can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether, with respect to a particular technique, there is a high known or potential rate of error; (4) whether standards control operation of the technique; and (5) whether the theory or technique is generally accepted within the relevant professional community. *See id.* at 149-50 (quoting *Daubert*, 509 U.S. at 592-94). In *Kumho Tire*, the Court recognized that, in some cases, "the relevant reliability concerns may focus upon personal knowledge or experience," rather than scientific foundations. *Id.* at 150. In such cases, the trial court may focus on alternative factors that are better-suited to the specific type of expertise at issue. *Id.* at 150-52. "The objective of [the gatekeeping] requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. "[T]he trial judge [has] considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.*

Further, when expert testimony is challenged under *Daubert*, the burden of proof regarding admissibility rests with the party seeking to present the testimony. *Truck Ins. Exch. v. Magnetek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004). "The focus [of the inquiry] . . . must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.

"However, an expert's conclusions are not immune from scrutiny: A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (internal quotations and citation omitted). Additionally, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

The Tenth Circuit has explained the appropriate analysis as follows:

> The plaintiff need not prove that the expert is undisputably correct or that the expert's theory is 'generally accepted' in the scientific community. Instead, the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements.

*Truck Ins. Exch.*, 360 F.3d at 1210 (quoting *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)).

Defendant asserts that plaintiff cannot show that Mr. Appleton's opinion testimony is admissible under Federal Rule of Evidence 702 or the standards set forth in *Daubert* and *Kumho Tire*. Specifically, defendant contends that Mr. Appleton presents opinions that he is wholly unqualified to make. Defendant further contends that Mr. Appleton did nothing to assess the reliability of, much less verify, the correctness of his opinions. Finally, defendant contends that Mr. Appleton's personal opinions as to what the DashCam footage shows is unreliable, not helpful to the jury, and improperly invades the province of the jury.

Plaintiff contends that Mr. Appleton provided expert opinion based upon his thirty years of experience in analyzing video on behalf of various law enforcement agencies, including the Federal Bureau of Investigation, the United States Central Intelligence Agency, the United States Department of Homeland Security, and various district attorney offices across the United States.

Plaintiff further contends that Mr. Appleton's opinions are the result of sophisticated analysis of video based upon years of proven enhancement techniques, including decelerating the speed of the videos, enlarging the images, creating negative video, etc. Finally, plaintiff contends that Mr. Appleton is highly skilled in analyzing video to determine whether an individual moved in a threatening/aggressive manner, the level of force utilized, etc.

Having carefully reviewed the parties' submissions, the Court finds that the opinion testimony of Mr. Appleton should be excluded. Specifically, the Court finds that Mr. Appleton is not qualified to offer any opinions regarding the use of force in this case, including the extent of force used, whether the use of force was reasonable, and whether an individual moved in a threatening/aggressive manner. The Court finds that Mr. Appleton does not have the requisite knowledge, skill, experience, training, or education in the area of use of force to be qualified as an expert. Further, the Court finds that simply analyzing video for law enforcement would not provide the needed knowledge, skill, experience, training, or education to render such opinions.

Additionally, the Court finds that any opinions proffered by Mr. Appleton as to what is shown on the DashCam video are not proper expert opinions, as such opinions invade the province of the jury. Mr. Appleton's opinions as to what the video shows will not help the jury to understand the evidence or to determine a fact in issue. It is the province of the jury in this case to determine what the DashCam video shows. The Court finds that the jury will be capable of making such a determination by watching the video, as well as any enlargements or slower speed versions of the video or portions thereof.

Finally, the Court finds that any opinions regarding whether plaintiff's counsel was given a true and accurate copy of the DashCam video and the number of times the video was exported should be excluded. Specifically, the Court finds that plaintiff has not shown that these opinions

are based on sufficient facts or data and are the product of reliable principles and methods, or that Mr. Appleton has reliably applied the principles and methods to the facts of the case. In his report, Mr. Appleton provides no information or explanation as to how he reached these opinions.

Accordingly, the Court finds that Mr. Appleton's opinions should be excluded.[3]

III. Conclusion

The Court, therefore, GRANTS defendant's Motion to Exclude James K. Appleton [docket no. 43].

**IT IS SO ORDERED this 28th day of August, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[3] Because the Court has determined under Rule 702, *Daubert*, and *Kumho* that Mr. Appleton's opinion testimony should be excluded, the Court will not address whether Mr. Appleton's testimony should be excluded based upon plaintiff's failure to file an expert witness list or based upon the failure of Mr. Appleton's report to satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2).